Number four today is Coatney v. Ancestry.com  Thank you, Your Honor, and may it please the Court. Chris Michel for Appellant Ancestry.com The contractual arrangement in this case is familiar. Ancestry will process DNA samples for minors, but only if a parent or guardian accepts Ancestry's terms and conditions on the minor's behalf. That is what happened here. Plaintiffs are accordingly bound to those terms, which provide them with benefits and protections, and also require arbitration of all disputes. I can think of multiple ways of characterizing this. One is that you're contending that the child is directly bound because the parent was the child's agent. Second is that the parent can bind the child without being an agent, just by virtue of being a parent. And the third is a form of third-party beneficiary argument. Which one of these are you making? Your Honor, I think we're making number two and number three. I shouldn't say principally, but first, the second one, which is that the parent or guardian bound the minor by virtue of being a parent or guardian under the terms of this contract. We're not relying on a strict agency theory. We also have an alternative argument that if the Court didn't rely on the contract, equity, the third-party beneficiary, or closely related tests would lead to the same results. I don't know why you describe that as equity. Third-party beneficiary is part of the law of contracts. I agree with that, Your Honor. We also have a third equitable argument, which is an estoppel argument, but I think you're right to characterize the second one as part of the law of contracts. I think to start with the first one, there are multiple aspects of the text of the contract that indicate the arrangement here reflects the familiar one where a parent or guardian binds the minor. If you start, the first reference to the minor explains that minors, that parents or guardians, can create an account, quote, for the minor that is directly managed by the parent or guardian, and that the account manager has to represent that they are the parent or guardian. It goes on to say that they must also represent that the minor has consented to the collection and processing of the DNA, all of which is consistent with the familiar parent-guardian binding relationship. If the parent acts for the minor, why is the minor's consent even relevant? I think the minor's consent is an extra protection that is built into the contract. But it's something I don't understand. The minor cannot consent. That's what happens because you're a minor. I agree with that, Your Honor. I think that's an important backdrop to the entire case. What the minor consents to here, to be clear, is not the contract. What the minor consents to is the collection and processing of the DNA, but I agree with you that that provision is ultimately not dispositive because the parent or guardian could bind the minor in any event. The activation pages, I think, further confirm that relationship. They speak about the minor as the participant and the parent or guardian as the legal representative. They refer to the parent or guardian accepting invitations on behalf of the minor. And finally, there's the use of the word you in the contract, which in many different places is used in a way that can only be referring to the person who's providing the DNA sample. For example, your genetic information, your saliva, and that has to be referring to the minor in this case who is providing the DNA sample and thus the parent accepting it on the minor's behalf. I think that's a familiar arrangement and applying it in this case would require the court to break no new ground. I think the argument on the other side is rather troubling because, among other things, it fails to make sense of the contract's text, including those usages of the word you that I just referred to. It would also lead to the counterintuitive result that the minors are unable to enforce, either by themselves or through their parents, any of the benefits and protections of the contract. I didn't understand that argument. Minors can ratify contracts, right? A contract made by a minor is said to be voidable, meaning the minor can take the benefits but not the detriments. But, of course, you don't have that situation. You have the parent contracting. I agree with that, Your Honor, and as the court said in the recent KFC versus SNAP case, any youth-based defense would be an issue for the arbitrator, not an issue at this stage of the case. A final incongruity that I think is created by the other side's position is that only minors would be exempt from the arbitration clause even though they're bringing, as this case demonstrates, the exact same claims that an adult could bring. There is, after all, nothing about the underlying claims in this case that have anything to do with minors. In fact, I think the better understanding of the suit is that it's an attempt to… Let's forget about arbitration. As I understand what the district court held, it's that when a parent contracts for a child, only the parent is subject to the contract's terms. So the child gets the benefits but not the detriments. There must be some cases in Illinois of that kind. A parent buys a phone for a child, accepts the contract for the child, and the contract has in it a limited warranty. The warranty runs for three years, not forever. There must be some case where the child has sought warranty coverage in year four and said the parent agreed to a three-year warranty. I did not. So the limitation under the UCC, warranties last forever unless they're limited by contract. So the suit would say the child is not bound by the limited warranty. There must be cases like that. The briefs don't discuss them. I did a quick look, didn't find any. Are there any such cases? Your Honor, we looked as well, and there are fewer than… We didn't find any. I think that reflects that this situation where the minor and the guardian depart in their interests, as was presented in your hypothetical, is a relatively rare one. Do you think it would be more common? Here's another one. A parent buys a car for the minor child. The child is 17, and the car has to be paid for, and it isn't, and a company arrives to take the car away, and the child says, no, I get the benefit of the contract, which is the car, and only my parents are bound to pay, so you can't take the car back. It can't be repossessed. You would expect you would see cases like that in bankruptcy if no place else, and it's a puzzle there not findable. I agree with that, Your Honor. It is a puzzle. I think the best Illinois case we could find, which is, of course, a district court case applying Illinois law, is the Burns case. Even there, it's not quite as you posited. It was instead the estate of the child that was creating a conflict with the parent or guardian. But to return to an earlier point, I think any disputes like that would, at a minimum, be for the arbitrator, and instead what's clear here is – No, no, no. That's why I gave you – said forget about arbitration. I give you this car company. Whether the car can be repossessed is not for any arbitrator. It's for a court, and that's why I'm surprised. If there's nothing there, there's nothing there. The other thing I would – Unlike an AI, we can't just make it up. It's true. It has arisen occasionally in other states. We cited those cases in our briefs. They all, I think, tellingly come out the same way, which is the same way that the Burns case did differently than the district court did here, which is that the parent or guardian does bind the minor in those scenarios. Do you have an Illinois case where it shows that the parent can bind the minor? Well, I think the Burns case is our best example. That is a northern district of Illinois case, but it's applying Illinois law. As Judge Easterbrook suggested, the case books are not as filled with these cases as you might expect, but I do think that's partly because this is such a familiar arrangement and so rarely creates problems that these cases aren't litigated very often, and I think applying the more familiar understanding is all the court has to do here. Of course, if the court were not inclined to apply the contract, we do think the third-party beneficiary argument is a very strong fallback. It's hard to think of a party that could be more closely related to the contract. Where's the benefit to the child in this case? There are several benefits to the child. One very direct one is receipt of the DNA report, which describes – So a 7-year-old needs – that's a benefit that a 7-year-old has? I think even for a young minor, which of course I think is a more rare circumstance, but even then that would be a benefit to the 7-year-old. Of course, the 7-year-old's genetic history is not going to change, so that report will be there for the 7-year-old even if he doesn't read it until he's older. So we should look to when they're going to be 21? Is that when the benefit best or an age recognition? I think they could receive – I think a 7-year-old could receive a benefit or a 10-year-old from reading a contract like – from reading a report like that. There are also important benefits in the contract in terms of privacy and protection of the information too, and those are benefits that accrue directly to the minor. Further to Judge Flom's question, SA-122, there shall be no third-party beneficiaries to this agreement. How do you handle that language? Sure. I think this court in the American United Logistics case and the Illinois Appellate Court in the Barba case have both said that generic third-party beneficiary or no third-party beneficiary clauses like that can give way to more specific references to third-party beneficiaries in the contract. And so here, although that's rare, this is the rare case where that standard is satisfied because the minor is directly referenced in the agreement and the minor is receiving direct benefits under the agreement. So you want portions of the contract to apply but not that particular portion? Well, I would say we're applying the more specific portion, which governs over the more general portion, which is an accepted contract principle. This concept of closely related obviously is in the case law, and there's a facial attraction to the idea of parent-child closely related. But when we look at the cases, like the Everett case or the E.D. case, it's setting forth a spectrum here of what is closely related. Again, is there an Illinois case that talks about this type of a relationship, qualifying as closely related, either in that equitable or the direct beneficiary context? I think that there's not a lot directly from Illinois. This court's decision in the Adams case I think is helpful. It talks about how to apply the closely related test. In that case, the court seems to set down a rule that a parent and a subsidiary corporation will almost always be closely related. We think that's applicable here because, of course, in that circumstance, there's an analogy between a parent and a subsidiary corporation. Here there's a real relationship between the guardian and the minor. And so I don't think the court needs to explore the outer contours of what it could mean to be closely related to conclude that the minor who's submitting his or her DNA, it's hard to imagine something more personal than that, and is in fact the sole purpose of the contract, falls within the closely related test. I think that would be well within this court's interpretation of that test in many prior cases. Thank you, counsel.  My name is David Gerbe. I represent minor plaintiffs' appellees in this case. As this court knows, this case relates to minor plaintiffs who brought claims under the Illinois Genetic Information Privacy Act for the alleged illegal release and disclosure of their genetic information through what we believe is a dystopian acquisition, whereby one of the largest private equity firms in the world, Blackstone Inc., has purchased one of the largest troves of genetic information to ever exist. I don't see what bearing that has. I'd like you to address the same questions I was asking to your adversary. Suppose that a parent buys a phone for a child, and the contract says there's a two-year limited warranty. Can the child, nonetheless, extend the warranty for life on the ground that only the parent agreed to the limit? Well, I don't believe so, but the situation… Why not, on your view? Well, the situation in that case would concern where the actual benefit in that case, the phone, is provided to the child and used by the child for a period of time, and presumably then the child… What in state law makes that dispositive? Well, the receipt of the direct benefit from the contract that the parent entered into to purchase the phone. No. I asked you a question about state law. So is there some state statute or state decision to which you would refer me? I was asking that question. Not specifically, Your Honor. Yeah, you don't know of any either. That's right. So if no statute or state decision says that that's the criterion, why would that be the criterion in state law? Again, Your Honor, we do believe that state law is clear that… Is there some other state that makes that the criterion? You know, we are playing the eerie game where we're trying to predict what the Supreme Court of Illinois would say, right? If there's a conflict in other state courts, generally we predict Illinois would go with the majority or Indiana. So what do we know about other states? Well, there are other states that have enforced contracts entered into by parents on behalf of minors, but it's important to look at the facts of this case where there's nothing in the… I'm not asking about the facts of this case. I'm trying to get at legal principles, right? If the two of you agree that there is no Illinois case on point, we need to go to other jurisdictions. What do we get in other jurisdictions, case law or statute law for that matter? Related specifically to the provision of a benefit under a contract? Yes, whether when a parent contracts for a child, the child can say, I get the benefits but not the detriments. Well, there is this concept of which this closely related test sort of relates to is this concept of affiliation and mutuality, and that test does try and avoid situations where one party is able to claim the benefits without having to comply with the obligations, but again, that's not the case here because no benefits are received. Look, I don't think my question was unclear. If we don't have any pertinent case law in Illinois, we look elsewhere to other states. Are there some other states where you'd like us to look? I do believe that the district court properly assessed this issue, but specifically I don't think that other states' laws are as necessary under 80 Credit I. I believe that that analysis is quite clear from this court, where the court found that the question of whether the benefit is directly provided to the minor is ultimately the most relevant, and in that case, just as in this case, the benefit derived by any minor stemmed from the parent-minor relationship, not from the minor's relationship with the party with which the parent contracted. Are there even any allegations that the minors received anything here? No. There's no allegations in the record at all that the minors have received anything. There's no allegations that they even accessed the accounts, that they could access the accounts, and in fact, it's one of the things we allege in our brief is that there's not even a mechanism in the contract that would at any point permit the minor plaintiffs to access their results at any point, at the age of majority or 21 or 18, and even appellant admits so in their brief. We make this argument, and they say, well, the mechanism is obvious, that they can receive the results from their parents. Well, that's exactly the point, is that any benefit is not coming mechanically by operation of the agreement. It's coming at the election of the parents, maybe someday if they so choose. The language of the contract, which the court found, the district court found helpful, is also clear that defendant itself in drafting the agreement said that when a minor uses the websites, the parent or guardian will be held responsible for the minor's actions. Presumably, that's because when defendant drafted the contract, it knew that it could not force minor plaintiffs or any minors whose DNA had been provided to them to comply with the obligations that the actual account holder would presumably have to comply with. Ancestry.com is pointing us towards the closely related test, closely rated so it's foreseeable that the non-party would be bound. We have a case called Hugo. Close relation, parent-child, how can you get closer? Those cases are interesting. The closely related question, which this court did note in the Romson case in a footnote, is really more of an umbrella term that is used to identify other principles in equity that could tend to bind. In those examples, typically focus on a true principal-agent relationship. It's usually a commercial relationship. That's right, commercial relationship or principal-agent relationship or parent and subsidiary from a corporation perspective. In those cases, it's clear that the test and the question of foreseeability is meant to prevent a situation in which a parent or subsidiary can foresee one of their affiliated entities being bound by terms and then try and transfer those away from them and retaining the benefits. Obviously, here that's not the case where you have minor plaintiffs who have a parent-child relationship. They aren't in the situation of even knowing what a contract is, much less that one exists between the parent potentially related to their information. Similarly, the foreseeability is, again, the children in this case could not foresee having been bound by anything. But obviously in a corporate situation, it's quite obvious when a company may be themselves, they may foresee the potential of being bound by terms, particularly where they're a sophisticated entity and there is a back-and-forth negotiation related to the contract issue. Obviously here, this is a boilerplate agreement. There is no negotiation between our clients or even our client's guardians and the defendant. It's boilerplate, click-wrap agreement. Minor plaintiffs, again, in many cases don't even know what a contract is, much less that they could be bound by it. And indeed, that's exactly what the district court found here, is that there's nothing in the terms of the contract that would, even in the other cases, including I think the, there's nothing in the other cases where, rather, the language here, there's nothing that would indicate to the reader, meaning the parent in this case, that they are agreeing to the terms on behalf of anybody else. The language in the contract doesn't use on behalf of anybody else and it doesn't say you're executing or entering into this agreement on behalf of anybody else. And I'd like to make another point, which is also directly relevant, related specifically to 80 Credit I. In 80 Credit I, from 2018 by this court, in the contracted issue there, the contract did provide for a situation where someone who uses the credit card, in that case it was a minor who used the credit card at the direction of the mother to purchase smoothies, can become an authorized user under the agreement. And nevertheless, the court found that no benefit was provided. That benefit that was provided was provided through the parent-child relationship and not through the contractual relationship with the agreement. Similarly here, this is an even easier case because in this case, in this contract, there's nothing in the terms that say by spitting in this tube, as requested by your parents, you agree to be bound by these terms and conditions or you become a user of the services and therefore you're bound by them. Simply put, the district court correctly found that no benefit was provided to the minor plaintiffs in this case and nothing in the contractual language of the agreement would indicate that there was an intention for them to be bound. In fact, the language says specifically the opposite, that there would be no third-party beneficiaries and defendant itself knew that it would not be able to enforce any obligations against the minors. If there's no further questions, that's all I have. Thank you, counsel. Thank you. Case is taken under advisement.